## DAVID T. DICKSON,

*vs.*

## THE STATE OF WISCONSIN.

Section 27, of Article 4, of the constitution of the State gives power to the legislature to designate in what courts suits may be brought against the State. And under this section the Supreme Court might be designated.

The 27th Section of Article 4, is to be construed, together with Section 3, of Article 7, as parts of the same instrument, and so construed that both may stand. The former section must be considered as one of the exceptions referred to in the latter section.

The court will not declare void an act of the legislature, unless the same be clearly in violation of the constitution.

The constitution gave to the legislature, the power to choose among the courts established by that instrument, in which of them the State might be sued; and having exercised that power, by the passage of the act of 1850, this court is bound by it, and must entertain jurisdiction of such cases as are brought in conformity with that act.

At the          term of this court, 185  , the petitioner filed his petition, thereby commencing  suit against the State in conformity with  the act  of  the legislature, entitled " an Act to direct in what manner, and in what courts suits may  be brought against the State," approved February 9, 1850.

To this petition a general demurrer was filed, and pending the demurrer, at this term, the Attorney General moves this  court to dismiss the petition for want of jurisdiction.

*Estabrook*, Attorney General, in support of the motion, cited :  *Art. 7, Sec. 3, Constitution of Wisconsin ; also, Art. 4, Sec.* 27 ;  6  *Wend.* 327–333–334 ;  3 *Scam.* 215–216 ;  2  *Wend.* 137 ;  4  *Wend.* 175; 8  *Cow.* 325–330–347 ; 2 *Dallas,* 367 ; 6 *Wheat.* 395 ; 1 *Cranch,* 50–66.

*J. K. Knowlton & H. S. Orton,* contra, cited *Art.* 14, *Sec.* 4.

*By the Court*, SMITH, J. This is a motion made
by the Attorney General, to dismiss the petition filed
herein, for want of jurisdiction.

The 3d Section of the 7th Article of the Constitution of this State, (the judiciary article,) provides that the "Supreme Court, except is cases otherwise provided in this Constitution, shall have appellate jurisdiction only, which shall be co-extensive with the State ; but in no case removed to the Supreme Court, shall a trial by jury be allowed. The Supreme Court shall have a general superintending control over all inferior courts ; it shall have power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, and other original and remedial writs, and to hear and determine the same."

Section 27, of Article 4, (the legislative article,) provides that " The legislature shall direct, by law, in what manner, and in what courts, suits may be brought against the State."

The legislature, at its session in 1850, acting upon this provision of the Constitution, provided by law, that suits might be brought against the State by petition filed in the Supreme Court.

It is now contended that this provision of the legislature is unconstitutional and void, inasmuch as the institution of suits against the State is an original proceeding, and the Supreme Court has appellate jurisdiction only, except in cases otherwise provided in the constitution.

The question now to be considered is, whether or not, this is one of the cases, thus otherwise provided for.

Both the Sections, 3d of the 7th Article, and 27th of the 4th Article, are parts of the same constitution, of equal force, and are to be construed together.

JUNE TERM,
1853.

Dickson
vs.
State of
Wisconsin.

In the case of the State vs. Blossom, upon a simi-lar motion, made and determined at this present term, we decided, that the three clauses of the 3d Section of Article 7, were entirely distinct and independent. That the first was a limitation upon the powers and jurisdiction of the Supreme Court, to appellate juris-diction; except in cases otherwise provided for, in the Constitution, and that the two last clauses were dis-tinct and independent grants of power.

What then were the exceptions, otherwise provided for in the Constitution? It would seem, from the very terms employed, distinct reference (among other things,) was had to the power conferred upon the legislature, to designate the courts in which the State might be sued. The plural term " *courts*" is used in the 27th Section of legislative article, thereby imply-ing the power of choice between two or more courts. But what courts did the Constitution provide for? Of what courts was it speaking? Among what courts might this choice be made?

The second section of the judiciary article vests the judicial power of the State in a Supreme Court, Cir-cuit Court, Courts of Probate, and Justices of the Peace. It will not be said that the framers of the Constitution had in view, either Courts of Probate or Justices of the Peace, in the framing of the 27th section of the legislative article. Excluding them, there remains but the Supreme Court and the Circuit Courts, from among which the legislature might choose, in compliance with that section. If, therefore, by the terms of the 3d Section of the 7th Article, the Supreme Court is excluded from choice, why did the framers of the said 27th Section of Article 4, put the term " *courts*" in the plural number, or give to the

legislature the power of choice at all? Why did

they not say at once, that the legislature may provide, by law, in what manner suits may be brought against the State, in the Circuit Courts?

This view of the subject appears to be demonstrative, and to preclude further argument.

It may be said that suits against the State may require the intervention of a jury, in the course of their proceeding. True, it may be so; but a jury is not denied to the Supreme Court, except in those cases "*removed*" thereto; not in cases which fall within the exceptions provided for in the 3d Section of Article 7, in which original jurisdiction is conferred. In all cases where an issue of fact may arise, the court may adopt such measures to ascertain the facts involved in the issue, as the nature of the case, and the rules of practice may suggest, or as the legislature may prescribe. In cases like this at bar, if a question of fact is put in issue, it goes to the Circuit Court for trial of the fact, under the provision of the act of 1850. But the Circuit Court to which the issue is sent, is the mere instrumentality of the Supreme Court, analogous to a sheriff's jury of inquest of damages upon default or demurrer. No questions of law go with the issue of fact, to be determined by the Circuit Court, nor should such be permitted.

It is not for us to say whether the legislature did, or did not, act wisely in designating the Supreme Court as the one in which suits against the State should be brought. But it may be remarked, that to allow such suits to be brought in the Circuit Courts of the several counties, then, now, or hereafter to be, established, before forums far removed from the

depositories of the State records, might be considered of doubtful policy, or of questionable utility.

We are clearly of the opinion, that the legislature had the power to direct in what manner, and in what court, or courts, suits against the State should be brought, and having exercised the power, according to their discretion, this court is bound to conform to their will in this behalf constitutionally expressed.

It is a delicate matter to set aside or to declare void, a solemn enactment of an independent and coordinate branch of the government, and the courts will never do so unless such enactment is clearly in violation of the fundamental law of the land.

The motion must therefore be denied.